IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-11-722 |
| | § | CIVIL ACTION NO. H-18-1419 |
| ABRAHAM MOSES FISCH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Malkah Bertman, the third-party petitioner, objects to the final order of forfeiture, which was entered on May 14, 2018. (Docket Entry Nos. 694, 695). The government responded. (Docket Entry No. 697). Considering Bertman's objections as a reconsideration motion, her motion is denied based on the parties' briefs, the record, and the applicable law. The reasons for this decision are explained below.

**I.      Background**

On October 27, 2015, the court entered a forfeiture order imposing a $1,150,000.00 judgment against Fisch. (Docket Entry No. 470). The order stated that "[t]he United States of America may, at any time, move to amend this order to substitute property to satisfy the personal money judgment in whole or in part pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p)." *Id.* The court granted the government's motion to amend the order of forfeiture, (Docket Entry No. 471), forfeiting Fisch's property at 9202 Wickford Drive in Houston, Texas as substitute property.

After Fisch's conviction, the taxing authorities, the Bank of the Ozarks, and Bertman all petitioned under 21 U.S.C. § 853(n) for the court to adjudicate their alleged interests in the Wickford property. (Docket Entry Nos. 502, 509, 511, 515, 552). Bertman represented that she contributed

1

$200,000 to the purchase of the Wickford property. (Docket Entry No. 509 at 2). The court granted the government's motion for interlocutory sale of the Wickford Property, and the government moved to amend the order. (Docket Entry Nos. 599, 619). On May 12, 2017, the court granted the amendment and confirmed Bertman's third-party interest in the property. (Docket Entry No. 620 at 2).

In February 2018, Bertman moved for reconsideration of the Bank of the Ozarks' third-party claim for interest and attorney's fees. (Docket Entry No. 677). Bertman asked the court to order that she "be paid her separate property contribution to the Wickford property in the amount of $200,000.00, an amount the government concedes is Bertman's separate property contribution, . . . without regard to resolution of any other Third Party claim and without waiting to calculate her community share of the sale proceeds." *Id.* at 5. The court ordered that the taxing authorities and the Bank of the Ozarks would be paid after the Wickford property's interlocutory sale from the gross sales proceeds, and that the remaining proceeds would be deposited into the court's registry until further order. *Id.*

On April 6, the government moved for final order of forfeiture. (Docket Entry No. 682). Bertman did not respond. The court granted the government's motion on May 14. (Docket Entry No. 694). The order stated:

> Malkah Bertman, the Taxing Authorities, and the Bank of the Ozarks successor by merger to OmniBank, N.A., filed petitions claiming an interest in the Wickford Property (D.E. 502, 509, 511, 515, 552). The Court recognized the interests of the Taxing Authorities; the Bank of the Ozarks; and Malkah Bertman's $200,000.00 separate property interest and her undivided one-half community property interest in the Wickford Property (D.E. 620).
>
> The Wickford Property has been sold. Payments of amounts due and owing were made to the Taxing Authorities for $129,984.57 and to the Bank of the Ozarks for $786,530.73, for a total of $916,515.30. After payment of all costs and expenses, the remaining proceeds of $348,344.13 were deposited into the Registry of the Court.

> The Court finds that $122,289.12 represents the interest of the United States—as Defendant Fisch's forfeited interest—and $226,055.01 represents Malkah Bertman's separate and community property interest.

(Docket Entry No. 694 at 1–2).

On May 18, Bertman objected to the final order of forfeiture. (Docket Entry No. 695). The government responded. (Docket Entry No. 697).

## II.     Analysis

Bertman objects to the final order of forfeiture based on the calculations used to assess liability on the Wickford property sale proceeds. (Docket Entry No. 695). She argues that her interest in the Wickford property was improperly calculated because her separate interest was combined with her community property interest. *Id.* at 1. Bertman asserts that although she "has a right to reimbursement for her separate property contribution to the community estate," her "separate property contribution did not give her a greater percentage ownership in the property as the United States contends." *Id.* at 2. According to Bertman, because she had a 50% percent ownership in the Wickford property, she does not "have a 10.5% proportional share of liability greater than the United States with respect to the payment of property taxes or the mortgage." *Id.*

The government responds that its calculations were unopposed because Bertman did not challenge its motion in a timely manner. (Docket Entry No. 697 at 4). The government also asserts that Bertman's filing, which should be treated as a motion for reconsideration, should be denied as failing to meet the requirements to alter or amend a court's order. (Docket Entry No. 697 at 4–5). The government argues that Bertman failed to satisfy Federal Rule of Civil Procedure 59(e), which provides that motions to alter or amend a judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*,

3

332 F.3d 854, 863 (5th Cir. 2003) (quotations and citations omitted).

The government is right. Bertman's objections are properly considered as a reconsideration motion because they ask the court to alter the calculations in the final order of forfeiture. Bertman should have raised her arguments before the final order of forfeiture was entered. She was given ample opportunity to respond to the government's motion for a final order, but failed to respond. On this ground, her motion can be denied.

But even if Bertman had timely contested the final order of forfeiture, her argument is still unpersuasive. Bertman correctly argues that her community property share of the Wickford property is 50%. But Bertman herself and this court have recognized that Bertman has an additional, separate $200,000 interest in the property. (Docket Entry Nos. 677 at 5, 694 at 2). The court previously ordered that "Bertman must pay the portion, relative to her interest in the Wickford property, of the taxes, interest, and penalties claimed" by the other third-party petitioners. (Docket Entry No. 681 at 4, 6–7). Bertman's interest includes both her community property share and the separate property interest. Bertman cannot evade paying owed taxes, interest, and penalties on her total share of the Wickford sale proceeds by impermissibly, and without authority, excluding her separate property interest from the liability calculations. To do so would allow Bertman to reap the benefits of her separate property interest without bearing the cost that she and the government must otherwise pay.

**III. Conclusion**

Bertman's reconsideration motion, (Docket Entry No. 695), is denied.

SIGNED on June 26, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge